# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MATTHEW TODD JERNIGAN,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-3443-22-0077-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>　　SECURITY,<br>　　　　　Agency. | DATE: September 9, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Matthew Todd Jernigan, Biloxi, Mississippi, pro se.

Lorna Jerome, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed a Board appeal wherein he referenced a number of different issues. Initial Appeal File (IAF), Tab 1 at 4-5. The administrative judge issued an order regarding jurisdiction. IAF, Tab 3 at 1-3.

On February 28, 2022, after the appellant and the agency responded to the jurisdictional order, IAF, Tab 5-10, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, IAF, Tab 11, Initial Decision (ID) at 1, 4. In so doing, she acknowledged that, in one of his filings, the appellant had asserted that he had been discriminated against based on his uniformed service. ID at 3 n.2. She explained that, because it appeared that the appellant had attempted to raise a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), a separate Board appeal had been docketed for this apparent claim, i.e., *Jernigan v. Department of Homeland Security*, MSPB Docket No. AT-4324-22-0144-I-1.[2] *Id.* The administrative judge indicated that her initial decision in the instant matter would become final on April 4, 2022, unless a petition for review was filed by that date. ID at 4.

On June 2, 2022, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. In his petition, the appellant asserts that he received the initial decision on March 1, 2022. *Id.* at 3. He references a chemical poisoning that occurred in October 2020, as well as an "[e]mergency medical condition" related to his left arm that occurred on December 31, 2020. *Id.* at 4. He avers that he began experiencing medical symptoms related to one or both of these conditions on February 18, 2022, and that he underwent surgery/treatment for the same on March 20-25, 2022. *Id.* The appellant also reasserts that he had difficulty contacting agency counsel. *Id.* With his petition, the appellant

---

[2] On March 1, 2022, the administrative judge dismissed the appellant's USERRA appeal for lack of jurisdiction. *Jernigan v. Department of Homeland Security*, MSPB Docket No. AT-4324-22-0144-I-1, Initial Appeal File, Tab 5, Initial Decision at 1, 3. The appellant did not file a petition for review of this decision.

provides documentation, i.e., medical bills, which indicate that he was hospitalized from March 20-25, 2022. *Id.* at 6-7. The agency has not filed a response to the appellant's petition for review.

On June 3, 2022, the Office of the Clerk of the Board notified the appellant that his petition for review was untimely filed and explained that he must file, on or before June 18, 2022, a motion asking the Board to accept the petition for review as timely and/or to waive the time limit for good cause. PFR File, Tab 2 at 1-2. In this notification, the Office of the Clerk of the Board also explained that, to the extent the appellant was alleging that his health affected his ability to meet filing deadlines, he must do the following: (1) identify the time period during which he suffered from the illness; (2) submit medical or other evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his petition for review. *Id.* at 7 n.1.

Thereafter, on July 15, 2022, the appellant submitted a motion requesting that the Board accept his petition for review and waive the time limit. PFR File, Tab 4. In this pleading, the appellant states only as follows: "PLAINTIFF REQUESTS MOTION TO ACCEPT FILING FOR REVIEW, AND WAIVER OF TIME LIMIT. PLAINTIFF SUBMITTED MEDICAL CONDITIONS AND STATEMENT." *Id.* at 3 (punctuation in original).

## ANALYSIS

A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that he received the initial decision more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on February 28, 2022, and electronically sent to the appellant the same day. IAF, Tab 12 at 1. Although the appellant alleges that he did not receive the decision until March 1, 2022, PFR File, Tab 1 at 3, documents served

on registered e-filers are deemed received on the date of electronic submission; accordingly, the appellant, a registered e-filer during the adjudication of the initial appeal, is deemed to have received the initial decision on February 28, 2022, and his petition for review is untimely filed by approximately 2 months, PFR File, Tab 1; *see* 5 C.F.R. § 1201.14(m)(2) (2022).

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

We find that the appellant has not demonstrated good cause for the untimely filing of his petition for review. Although the appellant is pro se, his 2-month delay in filing is significant. *See Floyd v. Office of Personnel Management*, 95 M.S.P.R. 260, ¶ 6 (2003) (finding the pro se appellant's 1-month delay not minimal). To the extent the appellant argues that his health conditions precluded him from timely filing his petition or requesting an extension of time within which to do so, we find his argument unavailing.[3] Indeed, apart from

---

[3] As discussed above, the Office of the Clerk of the Board specifically explained to the appellant that, to the extent he was alleging that his health affected his ability to meet filing deadlines, he must provide the Board with specific information. PFR File, Tab 2 at 7 n.1. Even considering his untimely filed motion in response to the notice from the Office of the Clerk of the Board, the appellant did not provide such information; instead, he appears to refer the Board to his petition for review. PFR File, Tab 4 at 3.

March 20-25, 2022, the appellant has failed to show that he was hospitalized, under treatment, or otherwise incapacitated for the period of time between February 28, 2022, the date he received the initial decision, and April 4, 2022, the deadline for timely filing his petition for review. *See Cornelius v. National Credit Union Administration*, 87 M.S.P.R. 497, ¶ 8 (2001) (finding that the appellant failed to establish that his untimely filing was the result of a medical condition when, although the appellant provided evidence regarding past medical problems, he failed to demonstrate that he was hospitalized, under treatment, or otherwise incapacitated during the relevant timeframe). Moreover, he has provided no evidence regarding the 2-month period of delay between April 4, 2022, and June 2, 2022. *See id.* Accordingly, despite his pro se status, we find that the appellant has failed to show good cause for his delay and we decline to excuse the same. *See Lockhart v. Office of Personnel Management*, 94 M.S.P.R. 396, ¶¶ 7-8 (2003) (declining to excuse a 5-day delay in filing a petition for review when the pro se appellant failed to show good cause for the same).[4]

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding this matter.

---

Thus, we find that he has failed to demonstrate good cause for his untimely filing on the basis of illness, or mental or physical capacity. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998); *see also Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶ 8 (2007).

[4] To the extent the appellant challenges the administrative judge's jurisdictional conclusion, PFR File, Tab 1 at 4-5, a different outcome is not warranted, *see Guevara v. Department of the Navy*, 112 M.S.P.R. 39, ¶ 7 (2009) (finding that the appellant failed to establish good cause for his untimely filed petition for review when he merely argued the merits of his appeal).

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.